IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY JOE PRITT,

    Plaintiff,

v.                                    Civil Action No. 5:13CV43
                                                (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiff in this civil action filed claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI, claiming that he suffered from disability beginning October 1, 2007. The plaintiff's underlying claims allege that he is disabled due to coronary artery disease, hypertension, hyperlipidemia, degenerative joint disease, mild restrictive pulmonary disease, and a history of bilateral hearing loss. Both claims were denied both initially and upon reconsideration. The plaintiff then requested a hearing, which was granted and held before an Administrative Law Judge ("ALJ"). At this hearing, the plaintiff testified and was represented by counsel. Additionally, a vocational expert offered testimony. The ALJ affirmed the denial of the plaintiff's

application for benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act. The Appeals Council denied review, and the ALJ's decision became the final decision of the defendant, the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision of the ALJ. Both the plaintiff and the defendant filed motions for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the matter be dismissed and stricken from the Court's docket. Upon submitting his report, the magistrate judge informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.

The plaintiff timely filed objections to the report and recommendation. The defendant later filed a response to the plaintiff's objections.

## II. Facts

In his order, the ALJ found that the plaintiff did not meet the criteria for any listing that would allow him to obtain the benefits he was seeking, but instead found that the plaintiff had a residual functional capacity ("RCF") to perform light work with a sit/stand option. Further, the ALJ found that the plaintiff's depressive symptoms were not severe but still gave him the benefit of the doubt on his allegations of poor concentration and memory due to his complaints of pain. Additionally, the ALJ found that the claimant was only partially credible because the plaintiff's testimony was not consistent with the objective evidence of the record: (1) cardiac symptoms are not documented to be as severe as he alleges; (2) since his June 2010 catheterization at West Virginia University Hospital, his symptoms have decreased, and the plaintiff claimed that his symptoms had worsened; (3) there is little objective evidence of back and knee pain; and (4) there has been no treatment for depression. The ALJ also reasoned that he gave the greatest weight to the state agency physicians and consultants because their records were the most consistent with the longitudinal review of the evidence of the record. The ALJ did note that he gave their reports significant weight, despite the fact that they did not personally see the plaintiff, because they reviewed the reports of the examiners who did consult with the plaintiff. Finally, the ALJ determined that he should give less

weight to the plaintiff's treating physician because (1) he found that her reports were completed before the plaintiff underwent the catheterization and (2) the evidence does not support a finding that the same symptoms reported before the catheterization continued after the catheterization (the plaintiff had reported he had improved after the catheterization).

The plaintiff made two arguments in his motion for summary judgment. First, the plaintiff asserts that the ALJ should have concluded that the plaintiff was limited to sedentary exertion rather than to a limited range of light work. This is so because the ALJ failed to consider the plaintiff's obesity-his treating physician found that he was obese and the consultative examiner found he was moderately obese-and thus the ALJ failed to consider the separate effects that obesity can have on a person's health aside from his other conditions. The plaintiff's second contention is that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to specifically identify the plaintiff's limitations in concentration and in memory when he simply limited the plaintiff to "routine, repetitive work in a low stress environment."

The Commissioner also filed a motion for summary judgment. She first argued that the ALJ did not ignore the plaintiff's weight and properly considered it. The defendant argues that the ALJ reviewed the evidence that dealt with the plaintiff's weight and

4

noted that the plaintiff failed to follow the treatment recommendations of exercising, eating healthier, and losing weight. The defendant contends that the ALJ did not need to explicitly state that he was considering the plaintiff's obesity but only needed to rely on the evidence that incorporated the effect of the plaintiff's obesity. The Commissioner thus contends that the ALJ properly considered the evidence that the plaintiff had improved after his catheterization, that the plaintiff had a normal gait and had only minor degeneration in his back and no issues in his knees (based on x-rays), and that the respiratory condition and other heart issues were well founded. Additionally, the Commissioner notes that the ALJ considered the state agency physician's findings which took into account the plaintiff's obesity and the plaintiff's daily activities. Accordingly, the defendant argued that there is no evidence that the plaintiff was more limited than what the ALJ found because he is obese.

The Commissioner then contended that the ALJ did not adopt the concentration and memory limitation but rather found that the record did not support such a severe problem. The defendant contends that the ALJ based this finding on a substantial record that included evidence that the plaintiff never sought psychological treatment, that the plaintiff attributed his difficulties with his physical problems, and that the examiners found he had normal speech and eye contact.

In his report and recommendation, the magistrate judge found that the ALJ did not directly mention obesity. However, the magistrate judge further found that the ALJ did not have to specifically mention it. The magistrate judge found that because the plaintiff was not actually diagnosed with "obesity" but rather it only appeared in clinical notes or other medical records, it was up to the ALJ's own judgment to establish the presence of obesity. The magistrate judge noted that only two doctors in the entire record referred to the plaintiff as obese and neither found added limitations because of obesity. Further, obesity was not mentioned at his administrative hearing, even when the plaintiff was asked to identify his various conditions. Thus, the magistrate judge found that the ALJ's failure to mention "obesity" was harmless error because the ALJ otherwise considered all of the plaintiff's limitations and the record. Finally, the magistrate judge found that the ALJ did not err in his consideration of the plaintiff's RFC. This is so because the ALJ considered the findings on the record-that the limitations were only mild and not even moderate-and that the ALJ correctly posed a hypothetical question at the hearing to the vocational expert regarding that finding. Accordingly, there was substantial evidence to support the ALJ's RFC finding.

The plaintiff made two objections to the magistrate judge's report and recommendation. First, the plaintiff contends that all

that is required to establish the existence of obesity is that a physician, who has examined the claimant, reported the patient's appearance and build, as well as his weight and height. The plaintiff indicates that this was done by the two doctors, Dr. Whitehair and Dr. Sabio, and thus, he argues, the magistrate judge was incorrect in concluding that there was not enough evidence to support establishing obesity. The plaintiff's second argument involves his contention that the ALJ did not discuss the plaintiff's obesity nor discuss the symptoms claimed by the plaintiff in the Adult Function report, which included: increased pain in the back hips and knees, constant fatigue, lack of endurance, and shortness of breath. All of these symptoms are symptoms of obesity under the Social Security Ruling 02-1p. Thus, the magistrate judge cannot claim that the ALJ used them to make his finding if he did not discuss them in his opinion.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a <u>de novo</u> review of those portions of the report and recommendation. As to those portions of

7

the recommendation to which no objection was made, this Court will undertake a clear error review of the magistrate judge's findings and recommendation. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

## IV. Discussion

The plaintiff's objections go to the finding of the magistrate judge that the plaintiff's obesity did not need to be considered separately in the ALJ's decision. The objections center around the plaintiff's contention that the ALJ should have considered the plaintiff's obesity along with the rest of the record that the ALJ had at the administrative hearing. Because the plaintiff made objections as to the magistrate judge's findings about the use of the plaintiff's obesity, that part of the magistrate judge's report and recommendation will be reviewed under a de novo review.

The plaintiff did not object to the magistrate judge's finding that substantial evidence supported the ALJ's finding that the plaintiff could perform routine, repetitive work in a low-stress environment, with only occasional decision making and only occasional changes in the work setting. As such, this finding will be reviewed for clear error.

The following standard will be applicable to all of the plaintiff's objections and the magistrate judge's findings. An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir.

1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.  Plaintiff's Obesity

To reiterate, the plaintiff makes two objections to the report and recommendation that center on the plaintiff's obesity and the fact that the ALJ did not consider it in his finding that the plaintiff was not entitled to benefits.  The plaintiff argues that the magistrate judge was incorrect in finding that the plaintiff's obesity could not be determined simply by the two physicians' reports of the plaintiff's height and weight and his appearance. Further, the plaintiff objects to the magistrate judge's determination that the ALJ relied on the plaintiff's Adult Function Reports in which the plaintiff reported increasing pain in the back, hips, and knees; constant fatigue; lack of endurance and stamina; shortness of breath; dizziness; and light-headedness.  The plaintiff contends that the ALJ did not consider these reports to determine that the plaintiff's symptoms were exacerbated by his

9

weight, and other conditions, because they were not specifically mentioned in the ALJ's report.

In the report and recommendation, the magistrate judge noted that it was not clear from the record that "obesity" was actually diagnosed by either the plaintiff's treating physician, Dr. Whitehair, or the state agency physician, Dr. Sabio. Neither listed "obesity" as a diagnosis, but both listed the weight and height of the plaintiff in their reports and made observations of his appearance. The magistrate judge noted that based on Social Security Ruling 02-1p, the ALJ was allowed to use his own judgment to establish the presence of obesity because there was no diagnosis of "obesity" by the physicians but there were clinical notes or other medical records consistently showing a high body weight. Further, the magistrate judge noted two major considerations that likely went into the ALJ not considering the plaintiff's obesity: (1) Dr. Whitehair was found not as credible because her evaluations of the plaintiff were done before the catheterization in 2010 and thus were likely less reliable, and (2) obesity was never mentioned at the hearing by either the plaintiff or his counsel despite the plaintiff's allegation that the obesity effects his ability to work.

Finally, as the plaintiff notes, the magistrate judge found that the ALJ did consider the effect of the plaintiff's weight and other conditions on his ability to perform work. The magistrate

10

judge did state that this was done through the Adult Function Reports and throughout the medical record. The magistrate judge found that because the ALJ considered the actual symptoms of obesity, it was harmless error that he did not actually label the plaintiff as obese.

First, as the magistrate judge noted, when appealing the ALJ's decision, the claimant must specify how his obesity (1) limits his functioning and (2) exacerbates his or her own impairments. Moss v. Astrue, No. 2:11cv44, 2012 WL 1435665, at *6 (N.D. W. Va. Apr. 25, 2012) (citing Cook v. Astrue, 800 F. Supp. 2d 897, 907-08 (N.D. Ill. 2011)). The magistrate judge found that the plaintiff had not done so. This Court finds that the plaintiff did not do so exhaustively but that he did so generally throughout his motion for summary judgment and, less so, in his objections. Accordingly, this Court cannot agree with the magistrate judge as to this finding.

However, this Court does agree with the magistrate judge and finds that there was substantial evidence to support the ALJ's decision to deny the plaintiff's claims and that the ALJ's failure to label the plaintiff obese was harmless error.

1. Support for a Diagnosis of Obesity Based on the Physicians' Reports

The Court finds that the ALJ did not have to label the plaintiff as obese pursuant to Social Security Ruling 02-1p. The plaintiff misconstrues the magistrate judge's reasoning as to his

11

finding on this matter.  The magistrate judge did not state that the ALJ could not find that the plaintiff was obese based on the two physicians' height, weight, and personal appearance reports of the plaintiff, but rather, the magistrate judge stated that the ALJ had the option of doing so because of the clinical notes of the two physicians.

The ALJ thus made a determination, based on the physicians' reports and other evidence on the record, which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays, 907 F.2d at 1456.  Although the plaintiff may believe that an opposite conclusion should have been drawn, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Mut. Mining, Inc., 80 F.3d at 113.  The ALJ reviewed those reports, weighed them against the other evidence,[1] and determined that there was substantial evidence to support a finding that the plaintiff was not entitled to the benefits he was seeking.  Accordingly, this Court finds that the ALJ's decision was consistent with Social Security Ruling 02-1p and that there is substantial evidence to support the ALJ not deeming the plaintiff obese.

---

[1] As stated previously, there was the fact that the plaintiff nor his counsel mentioned obesity during the hearing; and also the fact that Dr. Whitehair's reports were all completed prior to the plaintiff's 2010 catheterization.

2. <u>Substantial Evidence Otherwise to Support the Work Limitations of the Plaintiff</u>

The magistrate judge must judge the ALJ's decision on the reasoning offered by the ALJ. <u>S.E.C. v. Chenery Corp.</u>, 332 U.S. 194, 196-97 (1947). The plaintiff argues that the magistrate judge did not do so when he stated that the ALJ considered the Adult Function Reports in considering the plaintiff's weight as a limiting factor on his ability to perform work. This argument is without merit, however, as will be hereafter explained.

"[I]n reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" <u>Chenery Corp.</u>, 318 U.S. at 88 (citing <u>Helvering v. Gowran</u>, 302 U.S. 238, 245 (1937)). Thus, even without the magistrate judge's reliance on the ALJ's use of the Adult Function Reports, the ALJ still provided substantial evidence to support his finding that the ALJ had taken into consideration the symptoms that were reported in the Adult Function Reports.

"There is no format in his written decision that the ALJ must follow as long as that decision demonstrates 'sufficient development of the record and explanation of findings to permit meaningful review.'" <u>Smith v. Astrue</u>, No. 12-cv-98, 2013 WL 3783958, at *33 (N.D. W. Va. July 18, 2013) (citation omitted). Through five pages of the ALJ's decision, he discusses the plaintiff's medical history, physicians' reports based on the

13

plaintiff's symptoms and reported ailments, questionnaires the plaintiff had filled out based on his symptoms, and also the plaintiff's own testimony at the administrative hearing. See Decision of Administrative Law Judge *12-17 (Aug. 11, 2011). Throughout this review, the ALJ notes all of the symptoms that the plaintiff claims the ALJ did not consider because the ALJ did not specifically mention the Adult Function Reports. The ALJ notes instances where the plaintiff reported pain in his back, hips, and knees; constant fatigue; lack of endurance and stamina; shortness of breath; dizziness; and becoming light-headed easily throughout his recitation of the record he was considering. Thus, as the magistrate judge found, the ALJ's failure to specifically state that he was considering the plaintiff's weight, or that he was considering the plaintiff as being obese, was harmless error. The ALJ relied on substantial evidence that included reports of the plaintiff's symptoms that the plaintiff argues were key to determining his ability to work. Accordingly, the ALJ's decision should be upheld.

B.  The ALJ's RFC Finding

As stated previously, the plaintiff did not object to the magistrate judge's finding that substantial evidence supported the ALJ's determination as to the RFC status of the plaintiff. The ALJ had found that the plaintiff could perform routine, repetitive work

14

in a low-stress environment, with only occasional decision making and only occasional changes in the work setting.

In his report and recommendation, the magistrate judge noted that the ALJ had considered the evaluations of the plaintiff by the state agency officials. Further, the magistrate judge reviewed the hypothetical question that was posed to the vocational expert at the administrative hearing. The vocational expert had provided a list of jobs that were available in the region. The ALJ next described, in his question, a job that would support the RFC status that the plaintiff was ultimately given. The vocational expert then answered that the jobs he had listed could be fulfilled by a person with the limitations the ALJ had described in his question. Because of the ALJ's review of the record, and his adequately posed hypothetical question to the vocational expert, the magistrate judge found that there was substantial evidence for the ALJ to rely on.

This Court finds that the magistrate judge did not err in finding that there was substantial evidence for the ALJ to rely on in making his determination of the plaintiff's restricted RFC status. Thus, the magistrate judge's finding was not in clear error and must be upheld.

## V. Conclusion

Based upon a de novo review of the findings of the report and recommendation that were objected to by the plaintiff and a clear

error review of the findings of the report and recommendation that were not objected to by the plaintiff, this Court AFFIRMS and ADOPTS the magistrate judge's recommendation that the defendant's motion for summary judgment be granted and the plaintiff's motion for summary judgment be denied.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 15) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 13) is DENIED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 24, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE